ACCEPTED
06-14-00149-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/3/2015 8:15:10 AM
DEBBIE AUTREY
CLERK

No.    06-14-00149-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/3/2015 8:15:10 AM
DEBBIE AUTREY
Clerk

# IN THE COURT OF APPEALS
# FOR THE SIXTH DISTRICT OF TEXAS AT TEXARKANA

## RAYMOND EARL BARNETT
## Appellant

### v.

## THE STATE OF TEXAS
## Appellee

ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT
OF FANNIN COUNTY, TEXAS
THE HON. LAURINE BLAKE, JUDGE PRESIDING
TRIAL COURT CAUSE NO. 20922

## APPELLANT'S MOTION FOR REHEARING

### STEVEN R. MIEARS
State Bar No. 14025600

211 North Main

Bonham, Texas 75418

Tel: 903-640-4963

Fax: 903-640-4964

Email: stevemiears@msn.com

MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now Raymond Earl Barnett, appellant in the above entitled and numbered cause, and submits this motion for rehearing under Rule 49.1 of the Texas Rules of Appellate Procedure, and requests that the court reconsider its opinion of July 24, 2015.

POINT OF ERROR ONE:

In vacating the trial court's nunc pro tunc judgment, but not dismissing the case, the Court of Appeals errs in rendering a judgment not authorized by the Texas Rules of Appellate Procedure.

ARGUMENT

The Court correctly finds that the entry of the judgment nunc pro tunc was error. The Court correctly enters a Judgment vacating that illegal judgment under Rule 43.2 (e). However, the Court errs in failing to follow the rest of that appellate rule by not ordering the dismissal as that rule mandates. Rule 43.2 establishes the judgments this Court may enter. Vacating the judgment, and not dismissing the case, is not an option afforded by that rule. The Court errs in failing to render a judgment authorized by Rule 43.2(e) of the Rules of Appellate procedure. In this error, the Court "has so far departed

from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision." Tex. R. App. P. Rule 66.

POINT OF ERROR TWO:

The Court of Appeals errs by making an invalid judgment a final judgment.

ARGUMENT

Vacating the nunc pro tunc judgment leaves the trial court's last judgment entered on October 13, 2005 as the final judgment. That judgment is illegal because it is wrong. It recites that the Appellant is guilty and finally convicted of two charges of sexual assault of a child. Yet, this Court acknowledges in its opinion those charges were later dismissed.

The Court in its opinion seems to suggest in footnote three on page 6 that the remedy is for Fannin County to notify the Texas Department of Corrections those charges were dismissed. Appellant agrees this procedure should be followed to, as this Court's opinion suggests, "update the status" of his case with prison authorities. However, that action neither corrects the error in the judgment, nor causes the entry of a valid judgment.

Texas law sets forth the requirements for a judgment to be legal in a criminal case. *See* Tex. Code Crim. Proc. art. 42.01. For a judgment to be valid it must correctly recite whether the defendant was convicted of the charge. The judgment left in place by this Court does not. It is wrong. The Court errs in failing to enter a judgment authorized by the Rules. In this error, the Court "has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision." Tex. R. App. P. Rule 66.

## POINT OF ERROR THREE

The Court errs in finding that the Appellant waived his right to appeal the trial court's failure to grant a new trial on the indecency with a child charge.

## ARGUMENT

Appellant's point of error was there was an illegal spillover effect on the indecency charge and sentence resulting from the sexual assault convictions. This claim was raised in a motion for a new trial on the indecency charge filed after the State dismissed the sexual assault cases. The Court's opinion holds he waived his claim of illegal spillover effect by not raising it in his direct appeal of the original convictions in all of his cases. The Court's analysis is wrong for several reasons.

First, the claims of the illegal spillover effect could not have been raised on direct appeal because they did not exist. To have raised them on direct appeal, Appellant would have had to have anticipated this Court would find there was factually insufficient evidence to support the sexual assault cases. And he would have had to have anticipated that the State would then dismiss those cases after they were remanded back to the trial court. Second, he would have had to foresee that the trial court would ignore the mandate of this Court to set timely those remanded cases for trial. Third, he would have had to predict that the State would, after several years of delay, dismiss those charges. Finally, he would have had to deduce that after all of these events occurred, the trial judge would enter an invalid judgment memorializing an incorrect judgment.

The claims of the unlawful spillover effect only became cognizable when the State dismissed the sexual assault charges this Court remanded for retrial. Appellant could not have raised this complaint until it existed. Had the mandate of this Court been followed timely he would have faced a re-trial of all charges, including the sexual assault cases. In that context there would have been no claim of a spillover effect. Instead, the trial court ignored the mandate of this Court for many years. Nor could the Appellant have ever made this claim in any motion for rehearing or post-conviction writ. The issue simply did not exist until the State dismissed the sexual assault charges. The action of the dismissal of the charges did not occur until the Appellant filed his writ of mandamus.

The opinion errs in failing to acknowledge that Appellant's ability to appeal those issues based upon the law in *U.S. v. Pelullo,* 14 F.3d 881, 897-900 (3rd Cir. 1994) did not even arise until the State's recent action. Appellant's opportunity to address on appeal that his right to a fair trial and sentence on the indecency case only became viable once the State belatedly dismissed the sexual assault cases. Those charges were dismissed only when the trial court was compelled to take action to follow this Court's mandate issued on October 23, 2007. Logically and legally, he could not have even raised these issues in his direct appeal. In finding he waived his right to appeal this Court errs.

The Appellant's motion for a new trial or a new sentencing hearing on the indecency case was timely. He filed it within thirty days of the trial court's order granting the State's dismissal of the sexual assault charges. It was that order of dismissal which first gave rise to both the need for a legal judgment, and the *Pellulo* claims. In finding waiver of his right to appeal whether the trial court erred in overruling his motion for a new trial this Court errs. In this error, the Court "has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision." Tex. R. App. P. Rule 66.

PRAYER FOR RELIEF

For the reasons herein alleged, appellant prays the court grant this motion for rehearing, set aside the opinion of July 24, 2015, reverse the judgment and sentence on the indecency with a child charge, and order new trial.

RESPECTFULLY SUMITTED,

_____

**Steven R. Miears**
211 North Main
Bonham, Texas 75418
SteveMiears@msn.com
Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Attorney for Appellant

**Certificate of Word Count**

Counsel for the Appellant certifies that the word count of this motion for rehearing is 1,424 words and within the limitations for length of motions for rehearing.

_____

Steven R. Miears

**Certificate of Service**

This is to certify that a true and correct copy of the above and foregoing Appellant's Motion for Rehearing was delivered by electronic e-mail service to Richard E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on February 12, 2015; and, that a copy was mailed to the Appellant, Raymond Earl Barnett, TDC, Polunsky Unit, Inmate number 1332873, 3872 FM 350 South, Livingston, Texas 77351.

_____

Steven R. Miears